**Joseph J. MAHER, Plaintiff,**

v.

**CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY, Defendant.**

**No. 73–C–3030–W.**

United States District Court,
N. D. Iowa, W. D.

Feb. 14, 1974.

---

Joe Cosgrove, Sioux City, Iowa, for plaintiff.

B. A. Webster, James D. Polson, Des Moines, Iowa, for defendant.

## ORDER

McMANUS, Chief Judge.

This matter has been submitted to the court for decision on the briefs of the parties.

Plaintiff in this action petitions the court pursuant to 45 U.S.C. § 153(q) for review of an order of the National Railroad Adjustment Board (NRAB) entered April 15, 1971 which he contends failed to comply with the requirements of 45 U.S.C. § 153.

From the record, the following facts appear: Plaintiff was employed by defendant as a brakeman and conductor for approximately twenty years until August 25, 1961 when he received a notice of termination for violation of Rules "N" and "G" of the Carriers' Uniform Code of Operating Rules as a result of allegedly being intoxicated on the job. Subsequently, in 1970, plaintiff appealed his discharge to the NRAB pursuant to 45 U.S.C. § 153 and submitted to the NRAB a file containing a statement of facts and his position, a collection of correspondence and a transcript of a hearing held in relation to his termination in 1961. On April 15, 1971 the NRAB, after considering the case ex parte, entered its Award dismissing plaintiff's petition without reaching the merits stating that the "ex parte submission of Petitioner consists of a collection of correspondence and other papers relating to his discharge in 1961 and does not meet the requirements of case presentation as they are set forth in Circulars No. 1 and B of the National

Railroad Adjustment Board and the First Division."

Plaintiff contends that the Board's dismissal of his petition without reaching the merits on the ground that it was not submitted in the technical form required by the Board's rules of procedure was arbitrary and capricious and constitutes a failure by the Board to comply with the requirements of 45 U.S.C. § 153. Additionally, plaintiff claims that the Board failed to comply with 45 U.S.C. § 153 in that it considered the case ex parte and ignored plaintiff's request to be present with counsel.

In defense of the Board's dismissal, defendant contends that pursuant to 45 U.S.C. § 153 the Board has authority to require that disputes be properly submitted to it for decision in accordance with its requirements for case presentation. Based upon this authority defendant contends that plaintiff's failure to submit a statement of facts and issues as required by 45 U.S.C. § 153(i) and Circular No. 1 of the NRAB provides a sufficient basis for dismissal.

The relevant portions of 45 U.S.C. § 153 provide, in part:

"(i) The disputes between an employee . . . and a carrier . . . growing out of grievances . . . may be referred by petition of . . . either party to the appropriate division of the Adjustment Board with a full statement of the facts and all supporting data bearing upon disputes.

(j) Parties may be heard either in person, by counsel . . . as they may respectively elect . . . .

(k) Any division of the Adjustment Board shall have authority to empower two or more of its members to conduct hearings and make findings upon disputes, when properly submitted . . . .

(q) If any employee . . . is aggrieved . . . by any of the terms of an award . . . then such employee . . . may file in any United States district court . . . a petition for review of the division's order. . . . [T]he order of the division may be set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of this chapter . . . .

(v) The Adjustment Board shall . . . adopt such rules as it deems necessary to control proceedings before the respective divisions and not in conflict with the provisions of this section."

Circular No. 1 of the NRAB's Rules of Procedure provides, in part:

"Form of Submission

Statement of Claim: . . . the petitioner . . . must clearly state the particular question upon which an award is desired.

Statement of Facts: . . . each party shall show separately the facts as they respectively believe them to be.

Position of Employees: Under this caption the employees must clearly and briefly set forth all relevant, argumentative facts, including all documentary evidence submitted in exhibit form, quoting the agreement or rules involved, if any; and all data submitted in support of employees' position must affirmatively show the same to have been presented to the carrier and made a part of the particular question in dispute.

General

To conserve time and expedite proceedings all parties within the scope of the Adjustment Board should prepare submissions in such manner that the pertinent and related facts and all supporting data bearing upon the dispute will be fully set forth, thus obviating the need of lengthy briefs and unnecessary oral discussions.

Parties to a dispute are required to state in all submissions whether or not an oral hearing is desired.

#### Hearings

Oral hearings will be granted if requested by the parties or either of them and due notice will be given the parties of the time and date of the hearing.

The parties are, however, charged with the duty and responsibility of including in their original written submission all known relevant, argumentative facts and documentary evidence."

This court has jurisdiction of the parties and subject matter. 45 U.S.C. § 153(q).

Pursuant to 45 U.S.C. § 153(i), (k) and (v), the NRAB is empowered to promulgate reasonable rules governing submission and presentation of cases such as those rules contained in Circular No. 1. The question thus presented to the court is whether the Board's refusal to consider plaintiff's petition on the merits on the ground that his submission was not in compliance with its rules was in excess of its power to regulate the form and manner of submission of cases.

From the record it appears that plaintiff's submission to the Board consisted primarily of a collection of correspondence and testimony relating to his termination by defendant. In addition, however, plaintiff submitted a two-page document containing "J. J. Maher's Statement of Facts" and "Position of Petition."

Upon reviewing plaintiff's submission to the Board, it appears to the court that plaintiff made a good faith effort to comply with the Board's rules and the requirements of 45 U.S.C. § 153. While the Board admittedly has a significant interest in assuring that cases are submitted in an organized and coherent form, it is the court's view that under the circumstances of this case the Board's refusal to consider plaintiff's

petition on the merits on the grounds that the submission did not comply with its Rules was in excess of its power under 45 U.S.C. § 153 and inconsistent with the underlying objective of § 153 to provide employees and carriers with a forum for resolving disputes. Although plaintiff's submission may legally and technically leave much to be desired, it appears that plaintiff made an attempt to comply with the existing requirements and there appear to be feasible alternatives to refusing to consider plaintiff's petition on the merits such as notifying plaintiff of the noncompliance and giving him an opportunity to correct any deficiencies.[1]

Similarly, the Board's determination that plaintiff had waived his right to a hearing on his petition was overly technical even in view of the requirement that he affirmatively request a hearing. In his letter to the Board dated January 5, 1971, plaintiff stated:

"Would like to be advised in ample time of the hearing, so I can arrange consul [sic] to be present with me. In closing, I want to thank you and your office for the help received in preparing the hearing."

In response to this letter on January 8, 1971, the Executive Secretary to the Board stated:

"After all submissions were received here, an examination disclosed neither the Petitioner nor Respondent had requested an Oral Hearing. This office assumes your waiver because of your failure to make an affirmative request for oral hearing due to the fact that our Circular No. 1 contains the clear provision that 'Parties to a dispute are required to state in all submissions whether or not an oral hearing is desired.' "

Without intending to impugn the motives of the Board, it appears to the court that the Board was adequately and

---

1. The court does not intend to foreclose the possibility of the Board's dismissing a petition for failure of a petitioner to comply with its procedural requirements in appropriate circumstances such as where a petitioner consistently refuses or neglects to comply with the Board's rules.

timely advised that plaintiff desired an oral hearing on his petition. The Board's letter of January 8, 1971 merely appears to be an attempt to technically rationalize denying plaintiff a hearing. Although technically plaintiff should have requested an oral hearing in his initial submission, the denial of a hearing when subsequently requested appears too harsh in view of the statutory grant of a right to a hearing and the fact that plaintiff was proceeding without an attorney.

Accordingly, it is the court's view that this case should be remanded to the NRAB for proceedings consistent with this opinion. 45 U.S.C. § 153(q).

It is therefore

Ordered

This case is remanded to the NRAB for proceedings consistent with this opinion.